ORIGINAL

FILED IN CHAMBERS
USDC Atlanta

APR 08 2008

JAMES N. HATTEN, Clerk
By  Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL INDICTMENT |
| v. : | |
| : | NO. 1 08-CR-132 |
| JERRY ROBERT LAHR and : | |
| JACQUELINE ANN DEMER : | ~~UNDER SEAL~~ |
| a/k/a Jessica Dalton : | |

THE GRAND JURY CHARGES THAT:

### COUNT ONE

### CONSPIRACY

1. From in or about November 2001, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including the date of this indictment, in the Northern District of Georgia and elsewhere, defendants JERRY ROBERT LAHR and JACQUELINE ANN DEMER, also known as Jessica Dalton, did knowingly and willfully conspire, combine, confederate, and agree, together and with each other and with other individuals both known and unknown to the Grand Jury, to defraud the United States of America by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service ("IRS") of the United States Department of Treasury in the ascertainment, computation, assessment, and collection of the revenue, specifically, individual income taxes of JERRY ROBERT LAHR.

## Background

2. It is relevant to the conspiracy that:

A. Defendant JERRY ROBERT LAHR resided in Duluth, Georgia, and later resided in Hurst, Texas.

B. Defendant JERRY ROBERT LAHR was self-employed as a licensed life insurance agent and contracted with numerous insurance companies to sell life insurance policies.

C. Defendant JERRY ROBERT LAHR earned gross income during the tax years 1996 through 2000 totaling approximately $1,100,000.

D. Defendant JERRY ROBERT LAHR earned gross income during the tax years 2001 through 2003 totaling approximately $1,500,000.

E. For tax years 1996 through 2003, defendant JERRY ROBERT LAHR did not file individual federal income tax returns and did not pay any federal income taxes.

F. Defendant JERRY ROBERT LAHR conducted seminars at which he promoted various fraudulent schemes to evade federal income taxes and to impede the IRS.

G. Defendant JACQUELINE ANN DEMER resided in Gainesville, Georgia.

H. Defendant JACQUELINE ANN DEMER sometimes used the alias Jessica Dalton.

I. Asset Protection Concepts, L.P. ("Asset Protection Concepts"), Furnace Creek Enterprises, L.P.,("Furnace Creek")

Kingfisher Enterprises, L.P., ("Kingfisher") and Hickory Hollow Management, L.P. ("Hickory Hollow") were the names of entities used by defendants JERRY ROBERT LAHR and JACQUELINE ANN DEMER for the deposit and receipt of income belonging to LAHR.

J.   YFS Management, Inc., Triple J. Holdings Trust, the J.A.L. Trust, the J.G.A. Trust, Bastion Holdings, Bonnie Blue Holdings, and Freeland Investment Group were the names of entities used by defendants JERRY ROBERT LAHR and JACQUELINE ANN DEMER to hold and transfer title to, or interest in, property belonging to LAHR.

K.   YFS Management, Inc. was a Georgia corporation established by defendant JERRY ROBERT LAHR. LAHR was the CEO and registered agent of YFS Management, Inc. Defendant JACQUELINE ANN DEMER, aka Jessica Dalton, was an officer of YFS Management, Inc.

L.   LAHR sometimes directed that income from his life insurance business be made payable to Asset Protection Concepts.

M.   The IRS was an agency within the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States, and collecting taxes owed to the Treasury of the United States by individuals and other entities.

**Manner and Means**

3. It was a part of the conspiracy that:

A. Defendant JERRY ROBERT LAHR failed to file income tax returns and failed to pay income taxes due to the IRS for the tax years 1996 through 2003.

B. Defendants JERRY ROBERT LAHR and JACQUELINE ANN DEMER created and used nominee entities, including Asset Protection Concepts, Kingfisher, Furnace Creek, and Hickory Hollow, to conceal LAHR's income and expenditures from the IRS.

C. Defendants JERRY ROBERT LAHR and JACQUELINE ANN DEMER placed assets belonging to defendant JERRY ROBERT LAHR into the names of numerous nominee entities, including YFS Management, Inc. and Bonnie Blue Holdings, for the purpose of concealing LAHR's ownership interest in the property from the IRS.

D. Defendants JERRY ROBERT LAHR and JACQUELINE ANN DEMER opened bank accounts in the names of nominee entities, including Asset Protection Concepts, Kingfisher, and Furnace Creek, which they used to conceal LAHR's receipt of income, purchase of assets, and payment of expenses from the IRS.

E. Defendants JERRY ROBERT LAHR and JACQUELINE ANN DEMER, using the alias Jessica Dalton, mailed false and fictitious obligations to the IRS, captioned "Bond to discharge attachment for debt," which were signed by LAHR and purported to be negotiable securities for the payment of LAHR's tax liability.

**Overt Acts**

4.  In furtherance of the conspiracy, and in order to effect the purposes and objects thereof, defendants JERRY ROBERT LAHR and JACQUELINE ANN DEMER, and others known and unknown to the grand jury, committed overt acts in the Northern District of Georgia and elsewhere, including but not limited to the following:

**Creation of Nominee Entities**

A.  On or about March 4, 2002, defendant JACQUELINE ANN DEMER, using the alias Jessica Dalton, filed with the Georgia Secretary of State a certificate of limited partnership for Furnace Creek.

B.  On or about February 23, 2005, defendant JACQUELINE ANN DEMER filed with the Georgia Secretary of State a certificate of limited partnership for Hickory Hollow.

**Bank Accounts Opened in the Names of Nominee Entities**

C.  On or about November 27, 2001, defendant JACQUELINE ANN DEMER opened Wachovia Account Number XXXX2456 in the name of Kingfisher (the "Kingfisher bank account").

D.  On or about March 28, 2002, defendant JACQUELINE ANN DEMER opened Wachovia Account Number XXXXXXXX6528 in the name of Furnace Creek (the "Furnace Creek bank account").

**Funds Deposited by Jerry Robert Lahr
into Asset Protection Bank Account**

**Overt Acts E-1 through E-14**

E. On or about the dates listed below, defendant JERRY ROBERT LAHR deposited, or caused to be deposited, checks issued by the life insurance companies identified as payors below, to the payees, and in the amounts listed below, into bank account XXXX1065, at Main Street Bank (formerly First National Bank of John's Creek), in the name of Asset Protection Concepts (the "Asset Protection bank account"), which he opened and over which he had control:

| OVERT ACT | PAYOR | PAYEE | DATE | AMOUNT |
|---|---|---|---|---|
| E-1 | American Investors | Asset Protection Concepts | 12-31-2001 | $10,000.00 |
| E-2 | Liberty Bankers | Jerry Lahr | 2-04-2002 | $4,208.07 |
| E-3 | Standard Life | Asset Protection Concepts & Jerry Lahr | 3-22-2002 | $15,178.08 |
| E-4 | Standard Life | Asset Protection Concepts & Jerry Lahr | 6-11-2002 | $18,415.60 |
| E-5 | Oxford Life | Asset Protection Concepts | 6-27-2002 | $24,142.85 |
| E-6 | Liberty Bankers | Jerry Lahr | 8-08-2002 | $9,500.00 |
| E-7 | Oxford Life | Asset Protection Concepts | 8-15-2002 | $28,344.28 |
| E-8 | Oxford Life | Asset Protection Concepts | 9-19-2002 | $36,548.57 |

| OVERT ACT | PAYOR | PAYEE | DATE | AMOUNT |
|---|---|---|---|---|
| E-9 | Liberty Bankers | Jerry Lahr | 11-29-2002 | $4,060.39 |
| E-10 | American Equity | Jerry Lahr | 1-07-2003 | $10,750.00 |
| E-11 | Liberty Bankers | Jerry Lahr | 3-25-2003 | $5,682.06 |
| E-12 | Standard Life | Asset Protection Concepts & Jerry Lahr | 4-25-2003 | $19,000.00 |
| E-13 | Great American | Jerry Lahr | 7-1-2003 | $2,920.13 |
| E-14 | Standard Life | Asset Protection Concepts & Jerry Lahr | 7-17-2003 | $15,711.93 |

### Funds Transferred from Lahr-Controlled Account to Demer-Controlled Accounts

### Overt Acts F-1 through F-21

F.   On or about the dates listed below, defendant JERRY ROBERT LAHR wrote checks associated with the check numbers and in the amounts listed below, totaling $202,819.28, from the Asset Protection bank account, which were payable to Kingfisher and deposited by defendant JACQUELINE ANN DEMER into the Kingfisher bank account:

| OVERT ACT | DATE | CHECK NUMBER | AMOUNT |
|---|---|---|---|
| F-1 | 12-26-2001 | 3422 | $56,297.31 |
| F-2 | 01-02-2002 | 3423 | $43,802.69 |
| F-3 | 02-06-2002 | 3461 | $2,816.00 |

| OVERT ACT | DATE | CHECK NUMBER | AMOUNT |
|---|---|---|---|
| F-4 | 02-21-2002 | 3476 | $610.58 |
| F-5 | 03-06-2002 | 3496 | $2,816.00 |
| F-6 | 03-20-2002 | 3505 | $582.72 |
| F-7 | 04-04-2002 | 3523 | $2,816.00 |
| F-8 | 05-06-2002 | 3560 | $2,816.00 |
| F-9 | 06-05-2002 | 3584 | $2,816.00 |
| F-10 | 07-03-2002 | 3621 | $2,816.00 |
| F-11 | 08-01-2002 | 3633 | $450.00 |
| F-12 | 08-01-2002 | 3651 | $2,816.00 |
| F-13 | 09-09-2002 | 3697 | $2,816.00 |
| F-14 | 09-12-2002 | 3703 | $24,932.78 |
| F-15 | 10-10-2002 | 3715 | $20,000.00 |
| F-16 | 10-10-2002 | 3732 | $2,816.00 |
| F-17 | 11-08-2002 | 3765 | $2,816.00 |
| F-18 | 12-05-2002 | 3791 | $2,816.00 |
| F-19 | 12-05-2002 | 3793 | $10,817.12 |
| F-20 | 01-07-2003 | 3817 | $2,816.00 |
| F-21 | 01-28-2003 | 3833 | $11,534.08 |

### Overt Acts G-1 through G-26

G. On or about the dates listed below, defendant JERRY ROBERT LAHR wrote checks associated with the check numbers, in the amounts, and to the payees listed below, totaling $166,504.56, from the Asset Protection bank account, which were deposited by defendant JACQUELINE ANN DEMER into the Furnace Creek bank account:

| OVERT ACT | DATE | CHECK NUMBER | PAYEE | AMOUNT |
|---|---|---|---|---|
| G-1 | 04-24-2002 | 3538 | Hickory Hollow Investments | $10,000.00 |
| G-2 | 05-15-2002 | 3568 | Hickory Hollow Investments | $8,500.00 |
| G-3 | 07-17-2002 | 3636 | Furnace Creek | $10,000.00 |
| G-4 | 09-10-2002 | 3693 | Furnace Creek | $9,000.00 |
| G-5 | 09-26-2002 | 3714 | Furnace Creek | $19,532.64 |
| G-6 | 10-28-2002 | 3734 | Furnace Creek | $2,000.00 |
| G-7 | 11-01-2002 | 3754 | Furnace Creek | $5,950.91 |
| G-8 | 11-07-2002 | 3763 | Furnace Creek | $1,488.29 |
| G-9 | 11-15-2002 | 3766 | Furnace Creek | $2,000.00 |
| G-10 | 11-25-2002 | 3781 | Furnace Creek | $11,839.18 |
| G-11 | 12-11-2002 | 3792 | Furnace Creek | $2,000.00 |
| G-12 | 01-23-2003 | 3821 | Furnace Creek | $2,000.00 |
| G-13 | 03-28-2003 | 5011 | Furnace Creek | $3,793.09 |
| G-14 | 04-03-2003 | 5029 | Furnace Creek | $2,413.57 |
| G-15 | 04-11-2003 | 5035 | Furnace Creek | $2,153.87 |
| G-16 | 04-11-2003 | 5038 | Furnace Creek | $12,623.72 |
| G-17 | 04-11-2003 | 5039 | Furnace Creek | $2,228.53 |
| G-18 | 04-24-2003 | 5049 | Furnace Creek | $15,000.00 |
| G-19 | 04-29-2003 | 5053 | Furnace Creek | $7,673.11 |
| G-20 | 06-02-2003 | 5066 | Furnace Creek | $2,656.34 |
| G-21 | 07-03-2003 | 5069 | Furnace Creek | $1,724.71 |
| G-22 | 07-03-2003 | 5072 | Furnace Creek | $1,916.84 |
| G-23 | 07-03-2003 | 5075 | Furnace Creek | $10,151.01 |
| G-24 | 07-03-2003 | 5080 | Furnace Creek | $8,500.91 |
| G-25 | 07-24-2003 | 5090 | Furnace Creek | $10,162.96 |

| OVERT ACT | DATE | CHECK NUMBER | PAYEE | AMOUNT |
|---|---|---|---|---|
| G-26 | 08-22-2003 | 5099 | Furnace Creek | $1,194.88 |

**Use of Nominee Bank Accounts to Pay Lahr's Personal Expenses**

H.   On or about February 20, 2002, defendant JERRY ROBERT LAHR wrote check number 3484 in the amount of $5,007.80 on the Asset Protection bank account to Covenant Christian Academy, for tuition payments and other school fees for LAHR's daughter.

I.   On or about January 20, 2003, defendant JACQUELINE ANN DEMER wrote check number 2350 in the amount of $6,407.40 on the Furnace Creek bank account to Covenant Christian Academy, for tuition payments and other school fees for defendant JERRY ROBERT LAHR's daughter.

J.   On or about January 21, 2002, defendant JACQUELINE ANN DEMER wrote check number 2365 in the amount of $100,000 from the Kingfisher bank account, made payable to S.F., a personal fitness trainer employed by defendant JERRY ROBERT LAHR.

K.   On or about February 11, 2002, defendant JERRY ROBERT LAHR gave Kingfisher bank account check number 2365 in the amount of $100,000 to S. F.

L.   On or about July 21, 2003, defendant JACQUELINE ANN DEMER wrote check number 2568 in the amount of $110,000 from the Furnace Creek bank account, made payable to Republic Title Insurance Agency, as a down payment for the purchase of an Alpharetta,

Georgia residence for defendant JERRY ROBERT LAHR's ex-wife, J. G. A.

### Use of Nominee Bank Accounts to Purchase Property and Assets for Lahr

M. On or about September 28, 2002, defendant JACQUELINE ANN DEMER wrote check number 2249 on the Furnace Creek bank account in the amount of $5,000, made payable to Ace Coin in Salt Lake City, Utah, for the purchase of gold bullion by defendant JERRY ROBERT LAHR.

N. On or about June 11, 2004, defendant JACQUELINE ANN DEMER wired funds from the Furnace Creek Account in the amount of $262,395.75, to North American Title Company in South Lake, Texas, for defendant JERRY ROBERT LAHR's use in purchasing real property located in Hurst, Texas.

### Use of Nominee Entities to Conceal Lahr's Ownership of Property and Assets

### Pompano Beach, Florida Real Property

O. On or about April 2, 2003, defendant JERRY ROBERT LAHR, as President of YFS Management, Inc., Trustee of the Triple J Holdings Trust, sold real property located in Pompano Beach, Florida (the "Pompano Beach property"), by conveying it by warranty deed to L.U.

P. On or about April 9, 2003, defendant JACQUELINE ANN DEMER, using the alias Jessica Dalton, as the secretary of YFS Management, Inc., endorsed a check in the amount of $307,504.25,

which represented the proceeds from the sale of the Pompano Beach property, and deposited it into the Furnace Creek bank account.

## Duluth, Georgia Real Property

Q. On or about November 8, 2002, defendant JERRY ROBERT LAHR conveyed real property located in Duluth, Georgia (the "Duluth property"), where he had resided, to J.A.L., J.G.A., and the J.A.L. Trust, by quitclaim deed.

R. On or about July 27, 2003, defendant JERRY ROBERT LAHR caused an individual known as J.G.A., as trustee for the J.A.L. Trust, to convey the Duluth property to the J.G.A. Trust, by quitclaim deed.

S. On or about March 31, 2004, defendant JERRY ROBERT LAHR caused an individual known as P.B.L., as trustee of the J.G.A. trust, to convey the Duluth property to T.J.S. and R.J.S, by Trustee's deed.

T. On or about April 7, 2004, defendant JACQUELINE ANN DEMER deposited a check in the amount of $147,219.82, payable to the J.G.A. Trust and constituting proceeds from the sale of the Duluth Property, into the Furnace Creek bank account.

U. On or about April 13, 2004, defendant JACQUELINE ANN DEMER deposited a check in the amount of $147,733.13, payable to Bastion Holdings and constituting proceeds from the sale of the Duluth Property, into the Kingfisher bank account.

**Hurst, Texas Real Property**

V.  On or about June 11, 2004, defendant JACQUELINE ANN DEMER, in the name of "Bonnie Blue Holdings," wired $262,395.75 from the Furnace Creek bank account to North American Title Company in Southlake, Texas, to purchase a residence and real property located at 1625 Oak Creek Drive, Hurst, Texas 76054 (the "Texas property") for defendant JERRY ROBERT LAHR.

W.  On or about June 16, 2004, defendant JACQUELINE ANN DEMER, as trustee for the borrower/purchaser, Bonnie Blue Holdings, signed the closing documents to purchase the Texas property.

X.  On or about January 26, 2006, defendant JACQUELINE ANN DEMER, as trustee for the borrower, Bonnie Blue Holdings, granted a mortgage deed to Freeland Investment Group, purportedly securing a loan in the amount of $295,000 from Freeland Investment Group to Bonnie Blue Holdings.

Y.  On or about February 8, 2006, defendant JACQUELINE ANN DEMER filed a Uniform Commercial Code Financing Statement listing Freeland Investment Group as the secured party for $295,000 on the Texas property.

### Submission of Fictitious Obligations

### Overt Acts Z-1 through Z-5

Z.  On or about October 6, 2003, defendant JACQUELINE ANN DEMER, using the alias Jessica Dalton, submitted to the IRS five separate false and fictitious obligations that purported to be securities of the United States, captioned "Bond[s] to discharge attachment for debt," which were signed by defendant JERRY ROBERT LAHR, in purported payment of LAHR's tax liability for the years listed below:

| OVERT ACT | YEAR |
|---|---|
| Z-1 | 1996 |
| Z-2 | 1997 |
| Z-3 | 1998 |
| Z-4 | 1999 |
| Z-5 | 2000 |

All in violation of Title 18, United States Code, Section 371.

### COUNT TWO

### EVASION OF PAYMENT

5.  The allegations set forth in paragraphs 2A through 2M, 3A through 3E, and 4A through 4Z, as set forth in Count One, are incorporated herein by reference as if set forth in full below.

6.  Beginning at least on or about August 27, 1998, the exact date being unknown to the grand jury, and continuing through the date of this indictment, in the Northern District of Georgia and

elsewhere, defendant JERRY ROBERT LAHR did willfully attempt to evade and defeat payment of his income taxes, penalties, and interest due and owing by him to the United States of America for the calendar years 1996 through 2000, in the amount of $799,614.96, by among other things: using nominee entities and nominee bank accounts to receive income, hold assets, and pay expenses; dealing in currency and other untraceable items; removing funds from the United States and concealing these funds in foreign banks; and submitting and causing to be submitted false and fictitious instruments, which purported to be for the payment of his taxes for years 1996 through 2000, to the IRS.

All in violation of Title 26, United States Code, Section 7201.

## COUNTS THREE THROUGH FIVE

### EVASION OF ASSESSMENT

7.   The allegations set forth in paragraphs 2A through 2M, 3A through 3D, and 4A through 4Y, as set forth in Count One, are incorporated herein by reference as if set forth in full below.

8.   During the calendar years listed in Column B, defendant JERRY ROBERT LAHR had and received gross income in the approximate amounts listed in Column C, upon which there was a substantial amount of income taxes due and owing to the United States of America. Well-knowing and believing the foregoing facts, defendant JERRY ROBERT LAHR did willfully attempt to evade and defeat the

15

assessment and payment of said income tax by failing to make an income tax return on or before the dates listed in Column D, as required by law, to any proper officer of the IRS; by failing to pay to the IRS said income taxes; and by committing the following affirmative acts of evasion, the likely effect of which would be to mislead or conceal his true and correct income and taxes due thereon from proper officers of the United States of America: using nominee entities and nominee bank accounts to receive income, hold assets, and pay expenses; dealing in currency and other untraceable items; and removing funds from the United States and concealing these funds in foreign banks:

| A | B | C | D |
|---|---|---|---|
| Count | Year | Gross Income | Date |
| 3 | 2001 | $903,369.84 | 4-15-2002 |
| 4 | 2002 | $545,218.56 | 4-15-2002 |
| 5 | 2003 | $148,806.03 | 4-15-2003 |

All in violation of Title 26, United States Code, Section 7201.

## COUNTS SIX THROUGH TEN

### FICTITIOUS OBLIGATIONS

9. The allegations set forth in Paragraph 2A through 2M, as set forth in Count One, are incorporated herein by reference as if set forth in full below.

16

10. On or about the dates listed in Column B, in the Northern District of Georgia and elsewhere, the defendants JERRY ROBERT LAHR and JAQUELINE ANN DEMER, using the alias Jessica Dalton, with the intent to defraud the United States of America, did pass, utter, present, offer, and attempt and cause the same, to the United States Department of Treasury, IRS, as purported payment of tax debts owed by defendant JERRY ROBERT LAHR, false and fictitious instruments and other items appearing, representing, and purporting to be actual securities and other financial instruments issued under the authority of the United States, that is fictitious "Bond[s] to discharge attachment for debt," purporting to be issued under the authority of the United States Department of Treasury in the amounts listed in Column C for the purported payment of federal tax liability, penalties, and interest for the years listed in Column D:

| A | B | C | D |
|---|---|---|---|
| Count | Date | Amount | Tax Year |
| 6 | 10-03-2003 | $74,697.33 | 1996 |
| 7 | 10-03-2003 | $98,827.94 | 1997 |
| 8 | 10-03-2003 | $112,022.72 | 1998 |
| 9 | 10-03-2003 | $168,062.65 | 1999 |
| 10 | 10-03-2003 | $346,004.32 | 2000 |

All in violation of Title 18, United States Code, Sections 514(a)(2) and 2.

A TRUE BILL

*/s/ Rhonda J. Mills*
FOREPERSON

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

*/s/ Teresa D. Hoyt*

TERESA D. HOYT
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6389
Georgia Bar No. 218375

*/s/ Jenny L. Grus*

JENNY L. GRUS
TRIAL ATTORNEY
Department of Justice
Tax Division
601 D Street, NW
Washington, D.C. 20004
202/305-1672
New York Bar No. 4203238